Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Tel:  (973) 538-0800
Email:  rschoenberg@riker.com

Attorneys for Plaintiff
Cornwell Quality Tools Co.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CORNWELL QUALITY TOOLS CO., <br><br> Plaintiff, <br><br> v. <br><br> OLIVIER BLANCO and BLANCO DESIGNS AND CONSTRUCTION LLC, <br><br> Defendants. | Case No. _____ <br><br> Hon. _____, U.S.D.J. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

Plaintiff, Cornwell Quality Tools Co., for its Complaint against Defendants, Olivier Blanco and Blanco Designs and Construction LLC, states and alleges as follows:

## PARTIES

1.     Plaintiff, Cornwell Quality Tools Co. ("Plaintiff"), is a citizen of Ohio, being incorporated in the State of Ohio and having its principal place of business in Wadsworth, Ohio.

2.     Defendants Olivier Blanco and Blanco Designs and Construction LLC ("Defendants"), on information and belief, are citizens of the State of New Jersey, residing in the District of New Jersey.  Olivier Blanco resides in New Jersey and Blanco Designs and Construction LLC is incorporated in New Jersey and maintains its principal place of business in Scotch Plains (Union County), New Jersey.

## JURISDICTION AND VENUE

3.     This is an action for federal trademark infringement, unfair competition, and false designation of origin, and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and, more particularly, 15 U.S.C. § 1114,  15 U.S.C. §§ 1116 - 1118, inclusive;  15 U.S.C. § 1121 and 15 U.S.C. § 1125(a); and related causes of action under the laws of the State of New Jersey and common law arising from the wrongful use by Defendants of certain of Plaintiff's registered trademarks as described below.

4.     This Court has original jurisdiction under the provisions of 15 U.S.C. § 1114, 15 U.S.C. § 1121, 15 U.S.C. § 1125(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), in that the claims arise under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*

5.     The Court also has original jurisdiction under 28 U.S.C. §§ 1338(b) with respect to claims arising under common law rights and claims arising under the laws of the State of  New Jersey in that such claims are joined with the substantial and related claim under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.*

6.     Supplemental federal jurisdiction is also invoked under 28 U.S.C. § 1367(a) with respect to all other claims that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue for these claims is proper in this Court under 28 U.S.C. § 1391(b) in that Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

**Cornwell's Trademarks:**

8.     Plaintiff is, and for many years prior to the acts herein complained of has been, engaged in the manufacture and sale in interstate commerce of high-quality precision automotive tools and equipment, more specifically, mechanic's hand-tools and related equipment (the

"Products") and the provision of related technical and distribution services (the "Services")
under one or more of the following trademarks which are registered in the U.S. Patent and
Trademark Office (the "Marks"):

| Mark | Registration No. | Registration Date | Date of First Use in Interstate Commerce |
|---|---|---|---|
|  Cornwell | 747,209 | 3/26/1963 | 1962 |
| CORNWELL | 747,210 | 3/26/1963 | 1920 |
|  | 1,139,026 | 8/26/80 | 1963 |
|  | 1,150,695 | 4/7/81 | 1966 |
|  | 1,163,457 | 8/4/81 | 1972 |

| Mark | Registration No. | Registration Date | Date of First Use in Interstate Commerce |
|---|---|---|---|
| The Choice of Professionals | 1,276,492 | 5/1/84 | 1966 |
| The Choice of Professionals | 1,276,565 | 5/1/84 | 1966 |
| The Choice of Professionals | 2,497,549 | 10/16/01 | 1968 |
| TECH-CREDIT | 2,514,179 | 12/04/2010 | 2001 |
|  | 2,533,695 | 1/29/02 | 1996 |
|  | 3,456,834 | 7/1/08 | 1979 |
|  | 3,470,727 | 7/22/08 | 1996 |
| The Choice of Professionals | 3,494,755 | 9/2/08 | 1979 |
| Cornwell | 3,548,901 | 12/23/08 | 1979 |
|  | 3,855,015 | 6/1/09 | 2009 |
|  | 3,920,502 | 6/1/09 | 2010 |
| Pro Series | 4,449,249 | 12/10/2013 | 2013 |
|  |  |  |  |

| **Mark** | **Registration No.** | **Registration Date** | **Date of First Use in Interstate Commerce** |
|---|---|---|---|
| IBN | 4,645,512 | 11/25/2014 | 2014 |
| IRON MAN BUSINESS NETWORK | 4,649,553 | 12/2/14 | 2014 |
|  | 4,898,747 | 2/9/2016 | 1995 |
| CORNWELL CUSTOM | 4,926,021 | 3/29/16 | 2009 |

The Marks have been used continuously in interstate commerce in connection with the Products beginning at least as early as the dates set forth above. Variations of the trade name "Cornwell" have been used in commerce since 1920 and under previous registrations. All of the Marks are currently registered, and most of the registrations are incontestable pursuant to 15 U.S.C. § 1065.

9.     The Marks were developed by Plaintiff to distinguish the Products from tools and related items made and sold by others by, among other things, prominently displaying the Marks on the Products themselves, on containers and packaging used for the Products, on trucks and delivery vehicles used with the Products and Services, on uniforms and other forms of identification used by distributors and dealers delivering the Products and Services, with the Products and Services, and in trade and other advertising appearing in journals and periodicals distributed throughout the United States.

10.     Plaintiff's Products and Services are sold primarily to the professional mechanics' tools market, through independent dealers who purchase the Products and Services at wholesale from Plaintiff and resell them at retail from vans or trucks. The dealers are licensed to display the Marks on their vans or trucks and otherwise to use the Marks, but only for the

purposes of their dealerships.  They have no right to assign or to sub-license their rights in the Marks.

11.    High-quality precision mechanics' automotive tools and equipment and related Services sold under the Marks are recognized by virtually all members of the mechanics' automotive tools and equipment market as being Plaintiff's Products and Services originating from Plaintiff.

12.    Plaintiff has used the Marks continuously on and/or in connection with the Products and Services since their respective inception, and each have acquired strong secondary meaning as being  indicative of the source of high-quality, precision mechanics' automotive tools and equipment and related Services.

13.    As a result of Plaintiff's expenditure of a considerable amount of money and continuously marketing its Products and Services in connection with the distinctive and familiar Marks, the consuming public has come to recognize all mechanics' tools and related items and Services sold in connection with the Marks as originating from or otherwise approved or sponsored by or affiliated or connected with Plaintiff.

**Defendants' Infringing Conduct:**

14.    Defendants own and operate a building design and construction business in and around Scotch Plains, New Jersey.  Sometime not long before April 1, 2016, Defendants acquired a truck that had previously been owned and operated by a Cornwell dealer ("the Truck").

15.    The Truck displayed decals of several of Cornwell's Marks on it, specifically the "Ironman logo" (747,209 and others), the "Tool Array" (2,533,695 and another), "Tech-Credit", the "Blue Stripes" (4,898,747) and "The Choice of Professionals."  Photos of the Truck showing the Marks on April 5 and May 18, 2016 are attached as Exhibit A.

13.    When Cornwell became aware of the Marks on the Truck, Cornwell's Ohio counsel contacted Mr. Blanco by telephone on April 6, 2016, explained the situation and offered

for Cornwell to pay for the removal of the decals displaying the Marks.  While Mr. Blanco seemed willing to accept the offer, he did not respond to further attempts at contact by phone and email.  Cornwell's Ohio counsel then sent a formal demand letter on May 18, 2016 (copy attached as Exhibit B.

14.     No response was received to the May 18 letter, so Cornwell engaged counsel in New Jersey.  Those attorneys sent Defendants a formal demand letter on June 27, 2016, attached as Exhibit C.  No response was received.

15.     Defendants without authorization are continuing to use the Marks without Plaintiff's consent and despite Plaintiff's reasonable offer to bear the cost of the decal removal. Defendants are using the Marks and engaging in other infringing business practices in an attempt to pass their products and services off as if they are Plaintiff's and in a manner calculated to deceive Plaintiff's customers and members of the general public.  Defendants have utilized Plaintiff's Marks to imply a connection between their business and products and Plaintiff's business and products – even apparently including offering Cornwell Tech-Credit to customers.

16.     The natural, probable and foreseeable result of Defendants' wrongful conduct, as alleged above, has been to deprive Plaintiff of the benefits of using, selling, and licensing its Marks.  Plaintiff has also suffered a substantial loss of goodwill.  Defendants' conduct has also created a likelihood of confusion between Plaintiff's products and Defendants' products, and may injure Plaintiff's relations with present and prospective customers and the general public.

17.     On information and belief, Plaintiff alleges that unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, and otherwise profit from Plaintiff's Marks.

18.     As a direct and proximate result of the acts alleged above, Plaintiff has already suffered irreparable injury, and lost profits.  Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.  Plaintiff will continue to suffer irreparable damage and injury until Defendants' actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF

**(Infringement of Federally Registered Trademarks - 15 U.S.C. § 1114)**

19.     Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1-18 of this Complaint as if fully set forth.

20.     The actions of Defendants described herein constitute infringement of the Marks in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114.  Despite calls, messages and letters to Defendants notifying Defendants that they had no right whatsoever to use the Marks, and despite threat of legal action, Defendants continue to so use the Marks without authorization in connection with Defendants' promotion and distribution of Defendants' goods and services in and affecting interstate commerce.

21.     Defendants' goods and services sold in connection with the Marks are sold in and/or otherwise affect interstate commerce to the much of the same consuming public and travel through much the same trade channels as Plaintiff's Products and Services.

22.     Defendants' goods and services sold in connection with the Marks bear a relationship to Plaintiff's Products and Services, such that it is plausible for the public to connect them.

23.     Defendants have willfully and knowingly infringed and will continue to further infringe the rights of Plaintiff and its federally registered Marks, in violation of 15 U.S.C. § 1114, as a result of the continued, unauthorized use of the Marks, with the intention of deceiving and misleading the consuming public, and by wrongfully trading on the goodwill and reputation of Plaintiff.

24.     The use by Defendants of the Marks is likely to cause confusion or mistake or deception of purchasers as to the source, origin, sponsorship, affiliation, approval or connection of Defendants and their goods and services.

25.     By their wrongful acts, Defendants have caused and are likely to continue to cause great injury and damage to Plaintiff which cannot now be accurately computed and, unless

restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's Marks.

26.     Due to the repeated notices sent to them, Defendants knew or should have known that they have no legal basis to use Plaintiff's Marks.  Despite this knowledge, Defendants willfully infringed on Plaintiff's Marks.

27.     As a result of Defendants' willful infringement of Plaintiff's Marks, Plaintiff requests judgment granting preliminary and permanent injunctions, together with its costs of suits and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(b).

<u>**SECOND CLAIM FOR RELIEF**</u>

**(False Designation of Origin and Unfair Competition
under the Lanham Act – 15 U.S.C. § 1125(a))**

28.     Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1-27 of this Complaint as if fully set forth.

29.     Defendants' use of the Marks in connection with the promotion and distribution of their goods and services in commerce has caused or is likely to cause confusion, mistake and deception among consuming public as to the origin, sponsorship, and/or approval of the Defendants' Products and Services.

30.     As a result of Defendants' intentional, wrongful acts, purchasers have purchased or are likely to purchase Defendants' goods and services by reason of the Truck bearing the Marks.

31.     Plaintiff has no control over the quality of the goods and services sold by Defendants and, because of the confusion as to the origin, sponsorship or approval of the Defendants' goods and services engendered by Defendants, Plaintiff's extensive and valuable goodwill is at the mercy of Defendants, and Plaintiff will suffer irreparable harm should such false representation be allowed to occur.

32.     Such acts by Defendants were willful and deliberate, and designed to specifically trade upon the valuable goodwill of Plaintiff.

33.     By their wrongful acts, Defendants have caused and will continue to cause great harm and damage to Plaintiff which cannot now be assessed or computed and, unless restrained by the Court, will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with the Marks.

34.     As a direct and proximate result of the foregoing, Plaintiff has and will continue to suffer damages according to proof at trial.  Consistent with 15 U.S.C. § 1117(a), among other remedies, Plaintiff is entitled to injunctive relief.

35.     Due to the notices sent to Defendant, Defendants knew or should have known that they had no legal basis to use Plaintiff's Marks.  Despite this knowledge, Defendants willfully violated 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF
#### (Unjust Enrichment)

36.     Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1-35 of this Complaint as if fully set forth.

37.     This claim arises under the principles of equity concerning unjust enrichment and misappropriation of rights.

38.     Plaintiff has expended a considerable amount of time, money and effort developing and promoting the Marks for Plaintiff's Products and Services.

39.     The unauthorized use of the Marks by Defendants for their goods and services has caused and is likely to cause confusion with Plaintiff's Products and Services bearing the Marks.

40.     Defendants have acted unfairly in using the Marks.

41.     Defendants have taken and will continue to take unfair advantage of the goodwill and business value developed by Plaintiff in the Marks.

42.     Defendants have misappropriated and will continue to misappropriate and illegally exploit the valuable property rights and goodwill of Plaintiff and its Marks.  As a result of such misappropriation, Plaintiff will suffer irreparable injury to its property and goodwill, and

Defendants will be unjustly enriched thereby to the detriment of Plaintiff, entitling Plaintiff to injunctive relief and its costs of suit.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition Under N.J.S.A. 56:4-1, 2)

43.     Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1-42 of this Complaint as if fully set forth.

44.     The actions of Defendants described herein constitute unlawful, unfair and fraudulent business acts and practices in violation of New Jersey law, specifically N.J.S.A. 56:4-1, 2.  Without authorization, Defendants have intentionally sold and advertised their goods and services under the Marks so as to pass off their goods and services as those of Plaintiff, to confuse and deceive purchasers as to the source, sponsorship, approval or certification of, or the affiliation, connection or association with Defendants' goods and services; and to obtain the acceptance of Defendants' goods and services based on the reputation and good will of Plaintiff and its high-quality Products and Services sold in connection with the Marks.

45.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused and will cause confusion, mistake and deception among the purchasing public as to the source of Defendants' goods and services and Defendants have received and will continue to receive sales and profits generated from the strength of Plaintiff's success, goodwill and customer recognition.  As a result of these acts of infringement and unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury and damage to its business relationships with its current and prospective customers, including but not limited to lost profits, lost reputation and loss of goodwill.

46.     Plaintiff is accordingly entitled to injunctive relief.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

47.     Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1-46 of this Complaint as if fully set forth.

48.     Plaintiff has used the Marks in connection with the distribution and sales of the Products and Services in New Jersey and throughout the United States and, as such, Plaintiff owns and enjoys common law rights in New Jersey and throughout the United States in and to the Marks which are superior to any rights which Defendants may claim in and to the Marks in any form or style with respect to the manufacture, sale and distribution of mechanics' tools and related goods and services.

49.     Use of the Marks by Defendants in connection with the manufacture, sale and distribution of Defendants' goods and services in the State of New Jersey and elsewhere throughout the United States has caused and is likely to cause confusion as to the source of Defendants' goods and services in that the purchasers thereof have associated or will be likely to associate Defendants' goods and services with and as originating from or being sponsored or approved by or affiliated or connected with Plaintiff, to the detriment of Plaintiff.

50.     As a result of these acts of infringement and unfair competition by Defendant, Plaintiff has suffered and will continue to suffer irreparable injury to its reputation and goodwill, entitling it to injunctive relief and its costs of suit.

### SIXTH CLAIM FOR RELIEF
**(Preliminary and Permanent Injunction)**

51.     Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1-50 of this Complaint as if fully set forth.

52.     Defendants wrongfully and unlawfully used Plaintiff's Marks without authorization in connection with Defendants' promotion and distribution of Defendants' goods and services and in interstate commerce.

53.     Despite letters to Defendants notifying Defendants that they have no right whatsoever to continue to use the Marks, and despite threat of legal action, Defendants have refused and still refuse to refrain from their conduct.

54.     Defendants' wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendants' continued use

of Plaintiff's Marks will deceive and mislead the consuming public and will cause harm to the goodwill and reputation of Plaintiff.  Defendants' conduct will further cause confusion, mistake and deception of the consuming public and will result in dilution of the Marks.

55.     Plaintiff has no adequate remedy at law for the injuries currently being suffered. It will be impossible for Plaintiff to determine the precise amount of damage that it will suffer if Defendants' conduct is not restrained and, Plaintiff may be forced to institute a multiplicity of actions to obtain adequate compensation for its injuries.

56.     Plaintiff seeks a preliminary and permanent injunction restraining and enjoining Defendants, their agents, servants, employees, successors and assigns and all others acting in concert or participating with them from their continued wrongful conduct and violation of Plaintiff's rights.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief against Defendants, Olivier Blanco and Blanco Designs and Construction LLC, jointly and severally, as follows:

1.     Judgment that Plaintiff's Trademarks have been infringed and/or diluted by Defendants' actions under 15 U.S.C. §1114, 15 U.S.C. §1123(c)(1) and Federal Common Law;

2.     Judgment that Defendants have unfairly competed with Plaintiff in violation of N.J.S.A. 56:4-1 and the common law of New Jersey;

3.     Judgment that Defendants have engaged in deceptive trade practices in violation of the statutory and common law of New Jersey;

4.     Judgment awarding Plaintiff damages under the Lanham Act, and in particular pursuant to 15 U.S.C. § 1117(a), of up to three times the damages suffered by Plaintiff and three times the profits earned by the Defendants;

5.     Judgment awarding Plaintiff compensatory, consequential, and/or incidental damages as a result of Defendants' wrongful conduct;

6.     Judgment awarding Plaintiff its reasonable attorney fees and the costs of this action;

7.      Judgment awarding Plaintiff prejudgment and post-judgment interest on the above monetary awards; and

8.      Judgment that Defendants and their officers, shareholders, directors, agents, servants, employees, attorneys, parent company, confederates and all persons in active concert or participation with them, be enjoined preliminarily and permanently:

a.      From infringement of Plaintiff's Marks (U.S. Trademark Registration Numbers 747,209; 747,210; 1,276,565; 1,276,492; 1,163,457; 1,150,695; 1,139,026; 2,497,549; 2,514,579; 2,533,695; 3,456,834; 3,470,727; 3,494,755; 3,548,901; 3,855,015; 3,920,502; 4,449,249; 4,645,512; 4,649,553; and 4,926,021) through the display of said Marks by requiring the complete obliteration of all Marks in the form of decals or otherwise from Defendants' vehicle, stationery, business cards, invoices, packaging, containers, advertising, uniform or any other business equipment or marketing materials, or otherwise infringing upon Plaintiff's Marks;

b.      From unfairly competing with Plaintiff through the display of Plaintiff's Marks by requiring the complete obliteration of all Marks in the form of decals or otherwise from Defendants' vehicle, stationery, business cards, invoices, packaging, containers, advertising, uniform or any other business equipment or marketing materials, or otherwise unfairly competing with Plaintiff;

c.      From engaging in unfair and deceptive trade practices through the display of Plaintiff's Marks by requiring the complete obliteration of all Marks in the form of decals or otherwise from Defendants' vehicle, stationery, business cards, invoices, packaging, containers, advertising, uniform or any other business equipment or marketing materials, or otherwise engaging in unfair and deceptive trade practices;

d.      From infringing upon and competing unfairly with Plaintiff with respect to its common law and state rights in the Marks through the display of Plaintiff's Marks by requiring the complete obliteration of all Marks in the form of decals or otherwise from Defendants' vehicle, stationery, business cards, invoices, packaging, containers, advertising, uniform or any other business equipment or marketing materials, or otherwise infringing upon and competing unfairly with Plaintiff with respect to its common law and state rights in the Marks;

e.      From dilution of Plaintiff's Marks through the display of Plaintiff's Marks by requiring the complete obliteration of all Marks in the form of decals or otherwise from Defendants' vehicle, stationery, business cards, invoices, packaging, containers, advertising, uniform or any other business equipment or marketing materials, or otherwise diluting Plaintiff's Marks;

f.      From injuring Plaintiff's business reputation through the display of Plaintiff's Marks by requiring the complete obliteration of all Marks in the form of decals or otherwise from Defendants' vehicle, stationery, business cards, invoices, packaging, containers, advertising, uniform or any other business equipment or marketing materials, or otherwise injuring Plaintiff's business reputation;

g.      From leading anyone to believe or representing, either orally or in writing, that Defendants are one of Plaintiff's dealers or distributors or otherwise professionally affiliated or associated with Plaintiff;

h.      For an order to surrender for destruction all decals, labels, stationery, business cards, invoices, packaging, containers, advertising materials, uniforms or any other business equipment or marketing materials which displays Plaintiff's Marks; and

**On All Claims for Relief:**

For such other and further relief as the Court may deem just and proper.

RIKER DANZIG SCHERER HYLAND
 & PERRETTI LLP
Attorneys for Plaintiff
Cornwell Quality Tools Co.

By     *s/ Robert J. Schoenberg*

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962-1981
Tel: (973) 538-0800
Email: rschoenberg@riker.com

Dated: August 19, 2016.

4758379v3

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, the undersigned attorney for Plaintiff, Cornwell Quality Tools Co., certifies that, to the best of his knowledge, the matters in controversy in this federal action are not the subject of any other action pending in any court or of any arbitration or administrative proceeding.

## CERTIFICATION OF NON-ARBITRABILITY

Pursuant to Local Civil Rule 201.1(d)(2), the undersigned attorneys for Plaintiff, Cornwell Quality Tools Co., certify that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint primarily consists of a demand for preliminary and permanent injunctive relief and involves substantial issues of federal trademark law, among others.

> RIKER, DANZIG, SCHERER, HYLAND
>   & PERRETTI LLP
> Attorneys for Plaintiff
> Cornwell Quality Tools Co.
>
> By:____*s/ Robert J. Schoenberg*_____
>       Robert J. Schoenberg

Dated:  August 19, 2016.

4758379v3

# Exhibit  A









Exhibit  B



## RODERICK LINTON
## BELFANCE LLP
### *Attorneys at Law*

#### FOUNDED 1885

ROBERT M. GIPPIN
ATTORNEY AT LAW
EMAIL: RGIPPIN@RLBLLP.COM
DIRECT DIAL: (330) 315-3400

May 19, 2016

<u>By Federal Express</u>

Olivier Blanco
216 Union Avenue
Scotch Plains, NJ 07076

Re: Infringement of Cornwell Trademarks

Dear Mr. Blanco:

We represent the Cornwell Quality Tools Company. You and I have spoken, I thought cordially, about the fact that you are infringing Cornwell's registered trademarks by leaving them on the truck you purchased. I offered on behalf of Cornwell to pay for their removal. But you did not provide an estimate as you said you would do and have not responded to the several email and phone messages I have left for you.

The "Tool Array" and "Ironman" logos, the "Blue Stripe" and the phrase "The Choice of Professionals" all still appear on your truck in photographs we have received. You must immediately and completely remove those Cornwell registered trademarks from your truck.

You must understand that Cornwell will vigorously protect its trademarks. ***Cornwell will accordingly have no choice but to sue you in federal court in New Jersey unless the trademarks are immediately removed.*** Cornwell remains willing to pay the cost for that to be done. But once legal proceedings are commenced we will expect everything to be done at your expense. Cornwell will also seek its court costs and possibly attorney fees and expenses.

We must receive your response within seven days of the date of this letter.

Very truly yours,

ROBERT M. GIPPIN

*Excellence is our tradition.*

AKRON • MEDINA

rlbllp.com   50 South Main Street, 10th Floor • Akron, Ohio 44308-1828 • Fax 330.434.9220 • Phone **330.434.3000**

# Exhibit  C



**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Robert J. Schoenberg**
**Partner**

<u>Direct:</u>
tel: 973.451.8511
fax: 973.451.8604
rschoenberg@riker.com
Reply to: Morristown

June 27, 2016

<u>By Federal Express</u>

Mr. Olivier Blanco
Blanco Designs & Construction LLC
216 Union Avenue
Scotch Plains, NJ 07076

Re:     **Infringement of Cornwell Trademarks**

Dear Mr. Blanco:

This law firm represents the Cornwell Quality Tools Company ("Cornwell") in connection with the misuse and infringement of Cornwell's registered trademarks by your business.

I understand that you were contacted previously by Robert Gippin, Esq., an attorney also representing Cornwell's interests. In his letter to you, dated May 19, 2016, Mr. Gippin demanded that you remove from your trucks and other business equipment any and all of Cornwell's registered trademarks. These trademarks include Cornwell's classic "Tool Array" and "Ironman" logos, the "Blue Stripe" design mark and the famous "The Choice of Professionals" slogan. To date, you have not responded to Mr. Gippin or given any reassurance that you have or will promptly remove the Cornwell registered trademarks from your vehicles and equipment.

Your company's use of the Cornwell registered trademarks to solicit customers in connection with your ongoing business operations is causing, and is likely to cause in the future, confusion in the marketplace with the products and services offered to the public by Cornwell under its registered trademarks. Such confusion constitutes a violation of Sections 32(1)(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a)(1), and comparable New Jersey laws concerning unfair competition.

In view of your past inattention to the demand letter sent to you by Mr. Gippin, Cornwell must insist that you take <u>immediate</u> steps to (1) remove all Cornwell trademarks from your trucks, equipment and marketing materials, and (2) refrain from using the Cornwell marks in connection with any aspect of your business.

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
www.riker.com

Mr. Olivier Blanco
Blanco Designs & Construction LLC
June 27, 2016
Page 2


Please contact us by July 7, 2016 to confirm your company's acceptance of the proposal set forth above.  In doing so, provide us with photographs of your trucks and equipment evidencing the removal of the Cornwell trademarks. In the absence of a timely and positive response from you, we have been authorized to seek relief in the federal courts, including a permanent injunction prohibiting your infringing activities and a request for monetary damages.

If you have any questions concerning this matter, please contact me directly.

Very truly yours,

Robert J. Schoenberg

RJS:cm
cc: Robert M. Gippin, Esq.