NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORNWELL QUALITY TOOLS CO., <br> Plaintiff, <br> v. <br> OLIVIER BLANCO, et al., <br> Defendants. | Civil Action No.: 2:16-cv-05086 <br><br> OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff Cornwell Quality Tools Co. ("Plaintiff") for default judgment against Defendants Oliver Blanco and Blanco Designs and Construction LLC ("Defendants"). (ECF No. 17). The time for Defendants to answer or otherwise respond to Plaintiff's complaint has expired. *See* Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on January 23, 2017. Plaintiff served Defendants with and filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on October 25, 2017. No oppositions have been filed. On May 14, 2018, the Court ordered supplemental briefing, (ECF No. 18), with which Plaintiff complied. (ECF No. 19). For the following reasons, Plaintiff's motion for default judgment is granted.

## II. BACKGROUND

Plaintiff is "engaged in the manufacture and sale . . . of high-quality professional automotive tools and equipment." (ECF No. 17-1 at 3). In connection with its business, Plaintiff has "twenty or more trademarks which are registered with the U.S. Patent and Trademark Office (the "Marks")." (*Id.*). Plaintiff's Marks are displayed on Plaintiff's products, containers,

packaging, trucks, delivery vehicles, uniforms, other forms of identification, and in trade and advertising. (*Id.*).

"In or around April 2016, one of [Plaintiff]'s district managers in New Jersey reported that he had seen a white truck displaying a number of [Plaintiff]'s Marks (the "Truck")[.]" (*Id.* at 5). Soon thereafter, Plaintiff "learned that Defendants . . . . had acquired the Truck from a former . . . dealer" of Plaintiff's. (*Id.* at 6). "Defendants own and operate a building design and construction business in and around Scotch Plains, New Jersey." (*Id.*).

On April 6, 2016, Plaintiff contacted Defendants and "explained that Defendants were using a Truck which displayed [Plaintiff]'s Marks, and that the Marks needed to be removed from the Truck." (*Id.*). Plaintiff offered to pay for the removal of the Marks, and Defendants "appeared to be willing to accept such an offer, and represented to [Plaintiff] that [they] would obtain an estimate[.]" (*Id.*). Nonetheless, despite following up by phone, voice messages, and formal demand letters, Plaintiff was subsequently unable to reach Defendants. (*Id.* at 6-7).

Accordingly, on August 19, 2016, Plaintiff instituted this action against Defendants alleging: (1) violations of the Lanham Act; (2) unjust enrichment; and (3) state and common law claims. (*Id.* at 7). After summons were returned executed by Plaintiff, Plaintiff received a phone call from Defendants during which Defendants agreed to remove Plaintiff's Marks from the Truck. (*Id.* at 7-8). Once again, however, despite following up by letter, phone, and voice message, Plaintiff was unable to reach Defendants. (*Id.* at 8).

On January 20, 2017, Plaintiff requested that the Clerk enter default against Defendants, (ECF No. 9), which the Clerk entered on January 23, 2017. Thereafter, this Court had a telephone conference with the parties, during which they appeared to be working towards an amicable resolution. (ECF No. 11-1). Notwithstanding, Defendants failed to participate in subsequent status

conferences, (ECF No. 17-1 at 2), and have not removed Plaintiff's Marks from the Truck. (*Id.* at 8-9). Plaintiff now seeks default judgment and requests injunctive and monetary relief. (*Id.* at 9).

## III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 governs default. After the clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the court's entry of default pursuant to Rule 55(b)(2)." *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011). A court's entry of default judgment is discretionary; however, the court must still decide whether Plaintiff has adequately set forth a cause of action. *See Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702, at *1 (D.N.J. Jan. 19, 2016). In making its decision, the court must accept the complaint's factual allegations as true, except for those with respect to damages. *See id.* "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008), *reconsideration denied*, No. 07-5122, 2009 WL 349147 (D.N.J. Feb. 11, 2009).

"The district court has considerable latitude in determining the amount of damages. The court is not required to conduct a hearing 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.'" *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2 (alterations in original) (citations omitted). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). "When granting a default judgment,

courts (in the context of the Lanham Act) will routinely issue injunctions." *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2.

## IV. DISCUSSION

Preliminarily, the Court notes that Defendants' correspondence with Plaintiff, engagement in settlement negotiations, and contact with the Court likely amount to an informal appearance in this matter. *See Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 914 (D. Del. 1984). "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before [a decision is rendered]." Fed. R. Civ. P. 55(b)(2). Here, Plaintiff served its motion for default judgment and all papers thereto on Defendants on October 25, 2017. (ECF No. 17-6). Because more than seven days have passed since such date, the Court may properly adjudicate Plaintiff's motion. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that even where defendant submitted a waiver of service of the summons and complaint, arguably amounting to an informal appearance, the court could properly adjudicate plaintiff's motion for default judgment because defendant had not filed an answer to plaintiff's complaint); *Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Moskowitz Motor Transp., Inc.*, No. 05-5605, 2007 WL 608436, at *2 (D.N.J. Feb. 23, 2007) (finding that the court was satisfied that defendant was served with notice of a motion for default judgment and its supporting documentation where plaintiff sent such documentation via first class mail).

"Though 'the entry of a default judgment is largely a matter of judicial discretion,' the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true." *Super 8 Worldwide, Inc. v. Windsor Real Estate, LLC*, No. 13-5620, 2014 WL 5475217, at *1 (D.N.J. Oct.

4

28, 2014) (citations omitted). Defendants have not responded to Plaintiff's complaint and therefore, "the Court must accept the truthfulness of [Plaintiff]'s well pled allegations." *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2.

Plaintiff's first claim is for Trademark Infringement pursuant to 15 U.S.C. § 1114. "To demonstrate infringement, a Plaintiff must show: (1) the existence of a valid and legally protected mark, (2) that Plaintiff is the owner of that mark, and (3) that the Defendant's use of the mark causes a likelihood of confusion." *Coach, Inc. v. Quisqueya Agency Inc.*, No. 13-3261, 2014 WL 3345434, at *1 (D.N.J. July 8, 2014). "Additionally, 'to prevail on a trademark infringement claim, the plaintiff is required to show that the defendant's use of the offensive mark is unauthorized.'" *Fruit Flowers, LLC v. Jammala, LLC*, No. 14-5834, 2015 WL 5722598, at *3 (D.N.J. Sept. 29, 2015) (citations omitted). "The first two elements are satisfied by registration and ownership of the relevant trademarks," *Coach, Inc.*, 2014 WL 3345434, at *1, which Plaintiff has alleged. (ECF No. 1 at 2-5). Defendants' display of Plaintiff's Marks as alleged in the complaint, (*id.* at 6-7), as well as the exhibit evincing such display, (*id.* Exhibit A), establish the third element of Plaintiff's first cause of action. *See Coach, Inc.*, 2014 WL 3345434, at *1. Finally, Plaintiff alleges that Defendants' display of the Marks was unauthorized, satisfying the final element of Plaintiff's claim. (ECF No. 1 at 7-8).

Plaintiff's second claim is for False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a), Plaintiff's fourth claim is for Unfair Competition under New Jersey statutory law, and Plaintiff's fifth claim is for Trademark Infringement and Unfair Competition under New Jersey common law. Because the elements for counts two, four, and five are encompassed by the elements for count one, Plaintiff has satisfied the elements for counts two, four, and five of its complaint. *See Fruit Flowers, LLC*, 2015 WL 5722598, at *3; *Buying For The*

*Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 317-18 (D.N.J. 2006).

Finally, Plaintiff's third claim is for unjust enrichment, the elements of which are: (1) "Plaintiff conferred a benefit on defendant that enriched defendant beyond its contractual rights and[; (2)] 'retention of that benefit without payment would be unjust.'" *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *2 (citations omitted). Plaintiff alleges that Defendants have displayed the Marks without Plaintiff's consent and without providing compensation to Plaintiff. (ECF No. 1 at 6-7). Plaintiff also alleges that "Plaintiff has expended a considerable amount of time, money and effort developing and promoting the Marks for Plaintiff's Products and Services." (*Id.* at 10). Based on the foregoing, the Court finds that Plaintiff has set forth a claim for unjust enrichment.[1]

Based on the materials submitted to the Court, Plaintiff appears to have valid causes of action. The Court must therefore "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *1 (citations omitted).

The Court agrees with Plaintiff that without the Court's intervention, Plaintiff "will continue to be . . . harmed by Defendants' unauthorized use of [Plaintiff]'s Marks," (ECF No. 17-1 at 19), and will therefore be prejudiced. (*Id.* at 2). Plaintiff has filed a certificate of service certifying that its motion for default judgment and all papers thereto were served upon Defendants,

---

[1] The Court notes that Plaintiff also alleges a sixth claim for Preliminary and Permanent Injunction. "[I]njunctive relief is not a separate type of claim, but rather a form of relief, and as such, should not be designated as a separate count in the [c]omplaint." *Benhur v. Madavaram*, No. 15-6826, 2015 WL 6739109, at *6 (D.N.J. Nov. 2, 2015). Indeed, Plaintiff's motion for default judgment does not discuss its request for injunctive relief with its other claims, but rather addresses such issue with its discussion of damages. Accordingly, the Court will also address Plaintiff's request for injunctive relief with the Court's discussion of damages.

6

(ECF No. 17-6), and Plaintiff has complied with the appropriate procedures in bringing its motion for default judgment. Defendants do not appear to have any litigable defenses in this matter and Defendants' failure to respond to Plaintiff's complaint was a result of Defendants' culpable conduct. Accordingly, "the requirements for granting default judgment are satisfied." *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2.

With respect to the requested relief, Plaintiff petitions the Court for an order "requiring that Defendants temporarily surrender the Truck to [Plaintiff] for the sole purpose of the removal of [Plaintiff]'s Marks, after which the Truck shall be released to Defendants." (ECF No. 17-1 at 17). Plaintiff "also seeks a permanent injunction enjoining Defendants['] future unauthorized use of [Plaintiff]'s Marks[.]" (*Id.* at 18).

"The Lanham Act empowers th[e] Court to grant injunctive and other equitable relief to prevent further violations of [a plaintiff's] trademark rights." *Louis Vuitton Malletier, S.A. v. Mosseri*, No. 07-2620, 2009 WL 3633882, at *5 (D.N.J. Oct. 28, 2009) (citing 15 U.S.C. § 1116(a)). To qualify for injunctive relief, "a party must demonstrate that: (1) it has suffered an irreparable injury, (2) remedies available at law such as damages are inadequate, (3) an equitable remedy is warranted based upon the balance of hardships between the parties, and (4) the public interest would not be disserved by a permanent injunction." *Coach, Inc.*, 2014 WL 3345434, at *3.

The Court finds that Plaintiff is entitled to an order requiring that Defendants temporarily surrender the Truck for removal of the Marks, as such is necessary to provide Plaintiff equitable relief. Although Defendants will be required to surrender the Truck, such surrender is only temporary. Moreover, despite being given a number of opportunities to remove Plaintiff's Marks from the Truck, and representing that they would in fact remove Plaintiff's Marks from the Truck,

Defendants have failed to do so.

Moreover, an analysis of the aforementioned four factors clearly demonstrates that Plaintiff is entitled to a permanent injunction prohibiting Defendants from infringing Plaintiff's Marks. Plaintiff has suffered an irreparable injury based on Defendants' unauthorized display of such Marks. Furthermore, damages are unlikely to prevent or impede future trademark infringement. The balance of hardships between the parties weighs in favor of Plaintiff, as such relief only requires that Defendants abide by the law and discontinue their unauthorized display of Plaintiff's Marks. Finally, the public interest will be served as the injunctive relief requested will reduce or eliminate the likelihood of confusion as it pertains to Plaintiff's Marks. Accordingly, the Court finds that Plaintiff's requested relief is reasonable and necessary to prevent further violations of Plaintiff's trademark rights.

Plaintiff also requests that Defendants reimburse Plaintiff for all reasonable costs associated with the removal of the Marks. In support of this request, Plaintiff has submitted a declaration, which reads in relevant part that:

> On May 18, 2018, I telephoned Mr. Ambos at the Elizabeth Truck Center (https://www.elizabethtruckcenter.com/collision/), and spoke with him regarding his ability to provide a written estimate of the costs to remove the Marks from the Truck and repaint it based solely on the Truck photographs that previously were submitted as evidence in this matter. Mr. Ambos stated that, due to applicable consumer affairs laws, he is unable to provide a written estimate of the costs of removal of the Marks from the Truck without being able to view and inspect the Truck in person. Without viewing the Truck in person, Mr. Ambos stated that he could only provide a non-binding, oral ballpark quote of approximately Six Thousand Dollars ($6,000.00).

(ECF No. 19-1 ¶ 4). The declaration is sworn under the penalty of perjury that it is true and correct. (*Id.* ¶ 6). In light of the nature of this matter, in that the costs associated with the removal of the Marks from the Truck will not be ascertainable until the Truck is surrendered, the Court finds that

"[t]his evidence satisfies the legal standard, i.e., a basis for damages is supported by record evidence." *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *3.

Finally, Plaintiff requests costs and attorneys' fees in the amount of $5,400.00. In support of this amount, Plaintiff provided the Court with a receipt of its payment of the Court's $400.00 filing fee, (ECF No. 19 at 3-4), and an accounting of the fees paid by Plaintiff since the inception of this matter. (*Id.* at 5). Notably, Plaintiff represents that Plaintiff has been billed and has paid "in excess of $25,000 in attorneys' fees," and only requests $5,000.00 from Defendants. (*Id.* at 1-2). The Court finds that Plaintiff's requests are reasonable and that "[t]his evidence satisfies the legal standard, i.e., a basis for damages is supported by record evidence." *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *3.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is granted. An appropriate Order accompanies this Opinion.

DATED: May 30, 2018

_____
CLAIRE C. CECCHI, U.S.D.J.